```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x

In re:                                :

KEITH T. DENNIS                       :   BK No. 07-12164
KRISTEN M. DENNIS                             Chapter 7
          Debtors

- - - - - - - - - - - - - - - - - -x
```

## ORDER DENYING COMPENSATION FOR PRE-PETITION SERVICES

APPEARANCES:

    Russell D. Raskin, Esq.
    Attorney for Debtors
    RASKIN & BERMAN
    116 East Manning Street
    Providence, Rhode Island 02906

    Gary L. Donahue, AUST
    U.S. Department of Justice
    Office of the U.S. Trustee
    10 Dorrance Street, Suite 910
    Providence, Rhode Island 02903

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 07-12164

Debtors' counsel requests compensation for legal services rendered to the Debtor. The United States Trustee objects to that part of the application which includes charges for pre-petition services, which she asserts are discharged in this bankruptcy.

Four Circuit Courts and many Bankruptcy Courts have held that claims for pre-petition legal services are not exempt from discharge.[1] 11 U.S.C. § 727(b) provides that a Chapter 7 discharge relieves a debtor of all debts incurred prior to the filing of the petition, excluding nineteen categories of debts specifically listed in 11 U.S.C. § 523(a). A claim for pre-petition legal services is not one of the debts excepted in § 523(a).[2]

In *Lamie v. U.S. Trustee*, 540 U.S. 526 (2004), the Supreme Court held that "…§330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized under §327."[3] Suggesting, however, that all is not lost for professionals representing debtors in bankruptcy, the Court also indicated that nothing in § 330(a)(1) prevents a debtor from paying reasonable counsel fees before filing a bankruptcy

---

[1] *Rittenhouse v. Eisen*, 404 F.3d 395 (6th Cir. 2005); *In re Fickling*, 361 F.3d 172 (2nd Cir. 2004); *Bethea v. Robert J. Adams & Assocs.*, 352 F.3d 1125(7th Cir. 2003); *In re Biggar*, 110 F.3d 685(9th Cir. 1997).

[2] *Rittenhouse*, 404 F.3d at 396.

[3] *Id.* at 538.

BK No. 07-12164

case, or as in *Lamie*, prior to conversion to Chapter 7.  In fact, the Court offered that this practice would appear to be routine,[4] and went on to say that Code Section 329 anticipates such arrangements by providing for post facto court review and approval of fees.[5]

As for the harsh reality of the case at bench, however, in a similar one, i.e., where pre-petition services remain unpaid, the Bankruptcy Court for the Southern District of New York held that under § 727(b), pre-petition charges for both the Chapter 7 filing and other legal services performed by the attorney were subject to discharge, while fees for post-petition services were not dischargeable.  *Varble v. Chase (In re Chase)*, 372 B.R. 133, 142 (Bankr. S.D.N.Y. 2007).  As in the instant case, debtor's counsel in *Chase* had provided extensive pre-petition services to the client, who eventually ended up in Chapter 7.  Unfortunately for Debtors' counsel, unpaid fees for both pre-petition bankruptcy-related litigation and the legal services to initiate the Chapter 7 filing were discharged.

Similarly, for the foregoing reasons, this Court also rules that unpaid pre-petition legal fees are discharged under § 727(b), and since Debtors' counsel failed to receive payment for said

---

[4]  *Id.* at 537-38.

[5]  *Id.* at 538.

2

BK No. 07-12164

services in advance, or obtain a retainer in the Chapter 7 filing, he became just another of the Debtors' unsecured creditors. Accordingly, the Objection of the U.S. Trustee is **SUSTAINED**, and the amount of $2,525 for fees and expenses rendered pre-petition, is **DISCHARGED**.

The application for the balance of counsel's claim for post-petition fees and expenses ($3,500) is **APPROVED**.

Enter Judgment in accordance with this Order.

Dated at Providence, Rhode Island, this    16th    day of October, 2008.

_____
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 10/16/2008

3